IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,312-01 AND WR-73,312-02






EX PARTE JOEY MARTINEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 05-03-0067-CRA AND 05-03-0068-CRA 


IN THE 81ST JUDICIAL DISTRICT COURT FROM ATASCOSA COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge
of sexual assault of a child and one charge of indecency with a child, and was sentenced to fourteen 
years' imprisonment for each charge. The Fourth Court of Appeals affirmed his convictions.
Martinez v. State, Nos. 04-07-00493-CR and 04-07-00494-Cr (Tex. App. - San Antonio, February
13, 2008, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate, failed to interview or call witnesses, failed to advance any defense,
failed to move for a directed verdict, failed to secure an expert witness to counteract the State's
expert witness testimony, bolstered the State's case during closing arguments, and failed to either
argue in favor of a lesser-included offense, or object to the inclusion of a lesser-included offense
instruction in the jury charge. Counsel has not provided an affidavit responding to Applicant's
allegations, and the trial court has not entered findings of fact and conclusions of law.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel, either by obtaining an affidavit from trial counsel or by holding a
hearing at which Applicant's trial counsel testifies. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with a copy of the trial transcript in these
cases. The trial court shall then make findings of fact as to whether trial counsel investigated or
interviewed the witnesses whose names were provided by Applicant. The trial court shall make
findings as to what the theory of the defense was, and as to how counsel presented this theory at trial. 
The trial court shall make findings as to whether trial counsel moved for a directed verdict at the
close of the State's evidence, and if not, whether counsel believed that such a motion would have
been meritorious. The trial court shall make findings as to whether the defense requested funds for
appointment of an expert, and if not, why not. The trial court shall make findings as to whether a
lesser-included offense instruction was requested by the defense or the State, and as to whether any
objection was made to the inclusion of such an instruction in the jury charge. The trial court shall
make findings as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 3, 2010

Do not publish